Thorald W. HOHLER, Plaintiff,

v.

PENNSYLVANIA RAILROAD COMPANY, a Corporation, Defendant.

Civ. A. No. 13958.

United States District Court
W. D. Pennsylvania.

May 7, 1956.

James P. McArdle, Pittsburgh, Pa., for plaintiff.

Thomas D. Thomson, Pringle, Bredin & Martin, Pittsburgh, Pa., for defendant.

JOHN L. MILLER, District Judge.

This is a suit brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. The defendant has moved for an order transferring the action to the District Court for the Northern District of Ohio, Eastern Division, at Cleveland, pursuant to Section 1404(a) of the Judicial Code, 28 U.S.C.A. § 1404(a), which provides that "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The cause of action upon which the suit is based arose at Canton, Ohio, and it is conceded that the case might have been brought either in this court or in the district court at Cleveland.

Notwithstanding the provisions of Section 6 of the Federal Employers' Liability Act, 45 U.S.C.A. § 56, the Supreme Court has held that Section 1404(a) of Title 28 permits the application of the doctrine *forum non conveniens* in cases brought under the F.E.L.A. Ex parte Collett, 1949, 337 U.S. 55, 69 S.Ct. 944, 959, 93 L.Ed. 1207. However, a divided court recently held that Section 1404(a) does more than codify the existing law on *forum non conveniens* and requires the application of the doctrine with a difference, inasmuch as dismissal of the action, the harshest aspect of the doctrine, is eliminated by the provision in Section 1404(a) for transfer. Consequently, courts are now permitted to grant transfers upon a lesser showing of convenience than was the case under *forum non conveniens*. Norwood v. Kirkpatrick, 1955, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789. The present view, as stated in the Norwood case, does not mean that the plaintiff's choice of forum can be disregarded or that the relevant factors bearing on a change of venue are different, but only that the court's discretion is broader.

In Gulf Oil Co. v. Gilbert, 1947, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055, such relevant factors under the doctrine of *forum non conveniens* were stated as follows:

"* * * An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. * *."

Section 6 of the Employers' Liability Act gives the plaintiff an option

of bringing his action "in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." Section 1404(a) of the Judicial Code does not effect an implied repeal of this provision, Ex parte Collett, supra, 337 U.S. at page 60, 69 S.Ct. at page 947, and it is equally clear that the right given thereby is "substantial". Boyd v. Grand Truck Western R. Co., 1949, 338 U.S. 263, 266, 70 S.Ct. 26, 94 L.Ed. 55.

This court is satisfied that when a motion for change of venue is interposed in a suit under the Federal Employers' Liability Act, the defendant must continue to spell out a clear case of convenience, definitely and unequivocally, and to show a strong case for transfer, regardless of what the required showing may be in another type of action. Cf. Skultety v. Pennsylvania R. Co., D.C.S.D.N.Y.1950, 91 F.Supp. 118, 121. While this conclusion brings us close to the stringent requirements of the doctrine of *forum non conveniens*, any other view would render the option of the plaintiff under Section 6 of the F.E.L.A. of little practical significance.

From the affidavit which has been filed on behalf of the defendant, it appears that the persons whom the defendant may call as witnesses on liability reside in the area of Canton, Ohio, and are all railroad employees. In addition, the affidavit sets forth that five of the physicians who treated or examined the plaintiff for his alleged injuries are residents of Canton and a sixth is a resident of Cleveland, Ohio. The affidavit does not state, however, that any of such persons will be called as witnesses at the trial or that the testimony of any of them would be essential to the defense. In that respect, defendant's showing of inconvenience is equivocal. Cf. Skultety v. Pennsylvania R. Co., supra, 91 F.Supp. at page 120. Moreover, it is conceded that all six of the physicians named in the affidavit will not, in fact, be called to testify.

In view of the denials made in the defendant's answer to the plaintiff's complaint, the court will assume that the testimony, at least of some, of the persons named in the affidavit would be essential to the defense. Defendant argues that obtaining their attendance at a trial held in Pittsburgh, where this court sits, would be difficult, burdensome and expensive to it and urges that such difficulty, burden and expense can be avoided if the case is transferred to the district court at Cleveland, Ohio.

The distance between Pittsburgh and Canton, Ohio, measured by the shortest usual route of public travel is 94 miles. Accordingly, with the exception of the named physician residing in Cleveland, all of the other persons indicated by defendant as possible witnesses are subject to the compulsory process of this court. Rule 45(e), Federal Rules of Civil Procedure, 28 U.S.C.A. In terms of convenience of witnesses, it appears questionable whether trial of the case at Pittsburgh would burden them materially more than would a trial at Cleveland. The distance, measured according to the shortest usual route of public travel, between Canton, Ohio, and Cleveland, Ohio, is 57 miles or some 37 miles less than the distance from Canton, Ohio, to Pittsburgh, Pennsylvania, and such persons would be required to travel this distance in either event. The 37 miles difference represents at most a limited degree of added inconvenience and in this F.E.L.A. proceeding is not sufficient to justify transfer to another forum. Sherman v. Baltimore & Ohio R. Co., D.C.W.D.Pa. 1954, 122 F.Supp. 492, 493.

Nor does it appear that a change of venue to the district court at Cleveland, Ohio, would result in diminished burden or expense to the defendant. Several courts have observed that the problem of transporting witnesses does not present the same difficulties to the defendant railroad as it would to a private person. Cf. Naughton v. Pennsylvania R. Co., D.C.E.D.Pa.1949, 85 F.Supp. 761, 763; Belair v. New York, N. H. & H. R. Co., D.C.S.D.N.Y.1950, 88 F.Supp. 572,

573. The cities of Pittsburgh and Canton, Ohio, are directly linked by the rail lines of the defendant. On the other hand, the court is advised that the cities of Canton, Ohio, and Cleveland, Ohio, are not connected by direct rail service or by any satisfactory indirect rail service. There is nothing before the court to indicate, and under present circumstances the court will not assume, that the transporting of defendant's witnesses from Canton, Ohio, to Cleveland, Ohio, either by rail, automobile, or bus, would be less burdensome, expensive, or inconvenient, to it than the seemingly uncomplicated course of bringing such persons from Canton, Ohio, to Pittsburgh, Pennsylvania.

It is suggested as a further reason for transfer that if the trial is conducted in Cleveland, Ohio, it would be more possible for a jury to obtain a view of the premises, should that procedure become appropriate. From the complaint, it appears that the plaintiff received his alleged injuries by falling in a "large hole" on the premises of the Republic Steel Co. at Canton, Ohio, and that this occurred more than two years ago. It, therefore, would seem unlikely that viewing of the premises involved will be in order, whether the law suit is tried 57 miles or 94 miles from Canton, Ohio.

In opposition to the defendant's motion, plaintiff contends that transfer of the action to the federal court at Cleveland, Ohio, would result in hardship to him in that he would be deprived of the direct testimony of two Pittsburgh physicians who have treated him for his alleged injuries. Since Cleveland, Ohio, is situated more than 100 miles from Pittsburgh, Pennsylvania, compulsory process of the district court at Cleveland, Ohio, would not reach such persons. If the trial is held in Pittsburgh, Pennsylvania, defendant will, of course, have a similar problem with respect to the Cleveland, Ohio, physician whom it indicates it may wish to call.

This court is of the opinion that defendant at most strikes a balance of conveniences and has not made a strong enough showing to justify overriding the choice of forum made by the plaintiff pursuant to Section 6 of the Federal Employers' Liability Act. The motion for change of venue will be refused.

An appropriate order is entered.