**FERMENT–ACID CORPORATION,**
Plaintiff,

v.

**MILES LABORATORIES, Inc.,**
Defendant.

United States District Court
S. D. New York.

July 23, 1957.

Duke & Landis, New York City,
Brumbaugh, Free, Graves & Donohue,
New York City, of counsel, for plaintiff.

Pennie, Edmonds, Morton, Barrows &
Taylor, New York City, for defendant.

SUGARMAN, District Judge.

Plaintiff is the owner of patent 2,-353,771 which claims for a method of manufacturing citric acid by the fermentation of sucrose.

On September 8, 1954, it filed suit in this court alleging an infringement of its patent by the defendant. Its complaint bottoms jurisdiction in this court specifically on 28 U.S.C.A. § 1338, which defendant admits in its answer. The complaint also alleges generally that defendant is incorporated under the laws of Indiana; is licensed to do business in New York and has an office and does business in this district, all of which defendant also admits in its answer.

No claim is made that any act of infringement took place in this district.[1]

In fact it is undisputed on this motion that no act of infringement has been committed by the defendant in this district. Before answering defendant moved to dismiss the complaint for improper venue. After the decision by the Court of Appeals of this Circuit in Transmirra Products Corp. v. Fourco Glass Co., 2 Cir., 1956, 233 F.2d 885, defendant withdrew that motion and answered. Hence it waived the objection,[2] although under the circumstance that it believed the Court of Appeals decision in the Transmirra case disposed of the issue adversely to it.

Thereafter the Supreme Court decided that 28 U.S.C.A. § 1400(b) is the sole and exclusive provision controlling ven-

---

1.  28 U.S.C.A. § 1400(b).

2.  Bulldog Electric Products Co. v. Cole Electric Products Co., 2 Cir., 1943, 134

F.2d 545; Fairhope Fabrics, Inc., v. Mohawk Carpet Mills, Inc., D.C.Mass.1956, 140 F.Supp. 313.

ue in patent suits.[3] Had the defendant correctly anticipated the final resolution of the venue contest in patent suits between §§ 1391(c) and 1400(b) and pressed its abandoned motion, transfer to the district in which the additional ingredient of the commission of an act of infringement was present would have been mandated by 28 U.S.C.A. § 1406 (a).

Defendant's waiver of its right to challenge venue in this district[4] does not foreclose the consideration by the court of the effect of the Fourco decision, in part, in another context, viz., that which defendant now presents by its instant motion to transfer this cause to its home district pursuant to 28 U.S.C.A. § 1404 (a).

Defendant points out that the trial of this action will involve complex questions of bacteriology and microbiology. It appears that an actual view of the process as practiced by defendant will be necessary at its plant (the only place where defendant produces citric acid) which is about 20 miles from the courthouse in the Northern District of Indiana, South Bend Division.

Defendant names and states the capacities of the witnesses it will use on the trial all of whom, although employees of defendant, are convenient to that court. Defendant's records and documents are all at hand at its home office in Elkhart, Indiana, in the Northern District of that state. Trial can be had there in September of this year if the parties are ready.

Against this, plaintiff, which does not deny that it does no manufacturing and is merely the corporate owner and exploiter of certain patents, names only one witness it intends to use; the patentee of patent 2,353,771, who is presently employed in Columbus, Ohio. While this witness' permanent residence is Yonkers, N. Y., in this district, no indication is given as to when he will, if ever, return. Plaintiff asserts that, relying on defendant's waiver of its right to challenge venue, plaintiff has employed certain experts and laboratories in preparation for trial in this district, but plaintiff studiously avoids naming any of them.

On the standards adopted by this court,[5] subsequently enlarged by the Supreme Court,[6] defendant has made out a case for transfer for the convenience of parties and witnesses.

In addition thereto in the light of the Fourco decision and despite defendant's waiver under the circumstances stated, I believe it to be in the interest of justice that this cause be transferred to the only district where venue could have been properly laid, thereby giving effect to the Congressional mandate that infringement suits be tried where the infringement occurred. This, after giving due weight to plaintiff's selection of its home forum but without giving any weight to the convenience of either party's counsel.

Defendant's motion to transfer this action to the United States District Court for the Northern District of Indiana, South Bend Division, is granted.

It is so ordered.

3. Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786.

4. 28 U.S.C.A. § 1406(b).

5. Molloy v. Bemis Bro. Bag Co., D.C.S.D. N.Y.1955, 130 F.Supp. 265.

6. Norwood v. Kirkpatrick, 1955, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789.