**Saunders P. LEMON, Petitioner,**

v.

**Honorable John H. DRUFFEL, Judge of the United States District Court for the Southern District of Ohio, Western Division, Respondent.**

**No. 13492.**

United States Court of Appeals
Sixth Circuit.

April 1, 1958.

Milton H. Schmidt, Schmidt, Effron, Josselson & Weber, Cincinnati, Ohio, for petitioner.

No brief for respondent.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

Petitioner filed an action in the United States District Court for the Eastern District of Kentucky at Catlettsburg, Ky., against the Chesapeake and Ohio Railway Co., under the provisions of the Federal Employers' Liability Act, 45 U. S.C.A. § 51 et seq., to recover damages for serious injuries suffered by him while in the employ of the Railway Company at Ashland, Kentucky. Following the filing of an answer by the Railway Company, petitioner moved to dismiss the action without prejudice. The Railway Company objected, partly on the grounds that the purpose of the dismissal was to enable the petitioner to refile the suit in a court at a more distant point where it would be inconvenient for the Railway Company to produce witnesses and where the jury would be unable to see the premises. The District Judge granted the motion.

Petitioner thereafter filed his action in the United States District Court for the Southern District of Ohio, at Cincinnati, Ohio. The Railway Company moved to transfer the cause to the United States District Court for the Eastern District of Kentucky, at Catlettsburg, basing its

motion upon Section 1404(a), Title 28, U.S.Code.[1]

Its affidavit in support of the motion stated that petitioner was a resident of Ironton, Ohio, which is approximately eight miles from Catlettsburg, Ky., and approximately 140 railroad miles from Cincinnati, Ohio, that Catlettsburg is approximately four miles from the scene of the accident in Ashland, Ky., that Ashland is about 146 railroad miles from Cincinnati, and that all the material and necessary witnesses, approximately ten in number, reside either in Ashland or Huntington, West Virginia, approximately 160 miles from Cincinnati. The affidavit stated that a number of the witnesses were doctors who attended the plaintiff and who could not be compelled by the railroad company to appear at a trial in Cincinnati.

Petitioner's affidavit in opposition to the motion stated that he went to Cincinnati for examination and treatment for his injuries by an orthopedic surgeon who performed an operation on his spine at Christ Hospital in Cincinnati, and under whose care he was at the time of the affidavit, that he also was attended by another doctor in Cincinnati, and that he would be seriously prejudiced if required to produce his medical witnesses in Catlettsburg. The affidavit stated that all the necessary witnesses for the Railway Company, with the exception of medical witnesses, were employees of the Railway Company and could readily be brought to Cincinnati at the time of trial. The District Judge sustained the motion and entered an order transferring the action to the District Court at Catlettsburg, Ky.

Petitioner now seeks in this Court a writ of mandamus directing the District Judge for the Southern District of Ohio to nullify his order to transfer to the end that the case be tried before a jury in the District Court for the Southern District of Ohio. Jurisdiction is invoked under Section 1651(a), Title 28 U.S.Code, generally known as the All Writs Act, which provides, "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." It is contended that this is an appropriate case for the Court to exercise its power and issue the writ, in that the matter involved lies outside the issues of the case in which the order was made, that unless the order be reviewed and corrected in this proceeding, it can never be corrected without irreparable prejudice to the petitioner, and that the District Judge in making the order acted beyond his power and in abuse of his discretion.

■ We find no merit in the contention that the District Judge acted beyond his legal power in making the order of transfer. Section 1404(a) specifically confers upon the District Judge the power to make the transfer when in his opinion the conditions stated in the statute exist. Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207; Barber-Greene Co. v. Blaw-Knox Co., 6 Cir., 239 F.2d 774, 777. Since the action "might have been brought" in the Eastern District of Kentucky, we do not have the kind of case in which a writ of mandamus will issue to prevent the District Judge from transferring the case to a district in which as a matter of law it could not have been brought. Foster-Milburn Co. v. Knight, 2 Cir., 181 F.2d 949; Shapiro v. Bonanza Hotel Co., Inc., 9 Cir., 185 F.2d 777. Nor do we have the kind of case in which the District Judge, having jurisdiction and authority to act, fails or refuses to do so, under which circumstances mandamus will lie to require him to act, but without directing him which way to rule. United States v. U. S. District Court, etc., 6 Cir., 209 F.2d 575; Paramount Pictures, Inc., v. Rodney, 3 Cir., 186 F.2d 111, 116, cer-

[1]. Section 1404, Title 28 U.S.Code. "Change of venue. (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

tiorari denied 340 U.S. 953, 71 S.Ct. 572, 95 L.Ed. 687; Ex parte Park & Tilford, 245 U.S. 82, 85, 38 S.Ct. 15, 62 L.Ed. 164. The present question goes a step further, in that it involves a situation where the District Judge has acted and made a ruling which he had the legal authority to make, the correctness of which we are asked to review by writ of mandamus.

■ It is settled that an order granting a transfer or denying a transfer is interlocutory and not appealable. Norwood v. Kirkpatrick, 349 U.S. 29, 33, 75 S.Ct. 544, 99 L.Ed. 789; Littman v. Bache & Co., 2 Cir., 246 F.2d 490; In re Josephson, 1 Cir., 218 F.2d 174, 181; Paramount Pictures, Inc. v. Rodney, supra, 3 Cir., 186 F.2d 111, 116, certiorari denied 340 U.S. 953, 71 S.Ct. 572, 95 L.Ed. 687. Whether it can be reviewed by an application for a writ of mandamus is a question which has received much judicial consideration, with a definite conflict in the authorities. The following cases point up the conflict among the authorities and state the reasons in support of the respective views.

Following the general rule that mandamus should not be used as a substitute for an appeal in order to review a nonappealable order, it was held in the following cases that application for writ of mandamus should be denied. All States Freight, Inc. v. Modarelli, 3 Cir., 196 F.2d 1010; Clayton v. Warlick, 4 Cir., 232 F.2d 699; Carr v. Donohoe, 8 Cir., 201 F.2d 426; Great Northern Railway Co. v. Hyde, 8 Cir., 238 F.2d 852; 241 F.2d 707; 245 F.2d 537, certiorari denied 355 U.S. 872, 78 S.Ct. 117, 2 L.Ed.2d 77.

The First Circuit, while recognizing the power under Sect. 1651(a), Title 28 U.S.Code, to review an order of transfer in a mandamus proceeding has expressed itself strongly in opposition to the exercise of such power except in really extraordinary situations, the exact nature of which it did not undertake to formulate in advance. In re Josephson, 1 Cir., 218 F.2d 174, 181, 183.

In the Fifth Circuit the power to issue the writ is also recognized, but the exercise of the power is restricted to certain types of cases. The Court has said that in the absence of a failure of the District Court to correctly construe and apply the statute, or to consider the relevant factors incident to ruling upon a motion to transfer, or unless it is necessary to correct a clear abuse of discretion, the Court should not entertain motions for writs of mandamus to direct District Courts to enter or vacate orders of transfer. Ex parte Chas. Pfizer & Co., Inc., 5 Cir., 225 F.2d 720, 723; Ex parte Pharma-Craft Corporation, 5 Cir., 236 F.2d 911. See: Atlantic Coast Line R. Co. v. Davis, 5 Cir., 185 F.2d 766.

In the Second Circuit and in the Court of Appeals for the District of Columbia, the Court was of the opinion with one judge dissenting in the Second Circuit, that the Court had the power to review the order, the correctness of which was tested by the rule of forum non conveniens, as stated in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055; Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, 330; Wiren v. Laws, 90 U.S.App.D.C. 105, 194 F.2d 873, 874. See also: Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., 2 Cir., 178 F.2d 866. However, with respect to the applicability of the rule of forum non conveniens, the Ford Motor Co. case and the Wiren case were decided prior to the ruling in Norwood v. Kirkpatrick, supra, 349 U.S. 29, 78 S.Ct. 544, 99 L.Ed. 789, wherein it was held that a transfer under Section 1404(a) involved a broader discretion than previously existed under the rule of forum non conveniens.

In the Seventh Circuit the Court ruled that the order of the District Court denying a motion to transfer was reviewable for abuse of discretion through an application for a writ of mandamus, and reversed the ruling of the District Judge with one judge dissenting. Chicago, R. & I. & P. Co. v. Igoe, 7 Cir., 212 F.2d 378, 381; 220 F.2d 299.

The Supreme Court has recognized the existence of the issue, but found it unnecessary to specifically rule upon it. Norwood v. Kirkpatrick, supra, 349 U.S.

29, 33, 75 S.Ct. 544, 99 L.Ed. 789; Ex parte Collett, supra, 337 U.S. 55, 72, 69 S.Ct. 944, 93 L.Ed. 1207. However, two other cases have some bearing upon the question. In Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106 the Court held under the circumstances there existing mandamus against a federal district judge was not an appropriate remedy to vacate a severance and transfer order under Sect. 1406(a). In La Buy v. Howes Leather Co., Inc., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290, the Court held under the exceptional circumstances there existing mandamus was properly used to require the district judge to vacate an order of reference to a master.

The question is not a new one in our own circuit. In Nicol v. Koscinski, 6 Cir., 188 F.2d 537, we reviewed an order of transfer upon a petition for writ of mandamus, with a separate opinion by each of the three members of the Court. Two of the judges ruled by implication, without reference to or discussion of the issue, that the Court had the power to review the order upon a petition for writ of mandamus, one judge ruling that the order of transfer was not clearly erroneous, and the other judge ruling that the finding upon which it was based was clearly erroneous. The third judge concurred in the result that the petition should be denied, but on the ground that the petition for the writ could not be used as a substitute for an appeal in an attempt to review a nonappealable, interlocutory order. He also pointed out that mandamus will lie to compel a judge to act, but not to act in any particular way.

In Sun Oil Co. v. Lederle, 6 Cir., 199 F.2d 423, we also reviewed upon petition for writ of mandamus the action of the District Judge overruling a motion to transfer, in a short per curiam opinion, which likewise held by implication, again without a reference to or discussion of the issue and without citing Nicol v. Koscinski, supra, that the Court had the power to review the order by such a proceeding. We affirmed the order of the District Judge on the ground that

there was no abuse of discretion shown, citing Gulf Oil Corporation v. Gilbert, supra, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055. As pointed out hereinabove, the Supreme Court has since held that the rule of forum non conveniens announced in the Gulf Oil Corporation case is not the applicable rule at the present time. See also: Cutting Room Appliances Corp. v. Paul Jones, 6 Cir., 218 F. 2d 954; Fannin v. Jones, 6 Cir., 229 F.2d 368, certiorari denied 351 U.S. 938, 76 S.Ct. 834, 100 L.Ed. 1465; Berkihiser v. Jones, 6 Cir., 229 F.2d 959, certiorari denied 351 U.S. 938, 76 S.Ct. 835, 100 L.Ed. 1465.

■ Although the foregoing authorities show some difference of views among the circuits and some doubt concerning the right of the Court of Appeals to review by mandamus proceedings an order of transfer under Section 1404(a), we are of the opinion that considering solely the power of the Court to so act, the question is correctly settled in this circuit that the Court has such power. Nicol v. Koscinski, supra; Sun Oil Co. v. Lederle, supra; Fannin v. Jones, supra; La Buy v. Howes Leather Co., supra, 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290; United States Alkali Export Ass'n v. United States, 325 U.S. 196, 204, 65 S.Ct. 1120, 89 L.Ed. 1554; Black v. Boyd, 6 Cir., 248 F.2d 156, 159-160.

Whether the power should be exercised and the writ issued in the present case, is a different question. In Nicol v. Koscinski, supra, the two members of the Court ruling on the validity of the order of transfer differed in their conclusions. In Sun Oil Co. v. Lederle, supra, we approved the order denying the transfer by applying the rule of forum non conveniens, which standard the Supreme Court subsequently disapproved. Under the decision in Norwood v. Kirkpatrick, supra, there is now a broader discretion on the part of the District Judge. In the other cases from this Court, above referred to, we referred to the broad discretion which the District Judge was called upon to exercise in considering a motion to transfer, citing in the Fannin case the recent

ruling of the Supreme Court in Norwood v. Kirkpatrick, supra. In each of those cases we upheld the ruling of the District Judge. The power conferred on the courts by Congress in the All Writs Act is meant to be used only in the exceptional case where there is a clear abuse of discretion or usurpation of judicial power. Bankers Life & Casualty Co. v. Holland, supra, 346 U.S. 379, 383, 74 S.Ct. 145, 98 L.Ed. 106; Ex parte Fahey, 332 U.S. 258, 259–260, 67 S.Ct. 1558, 91 L.Ed. 2041; In re Josephson, supra, 1 Cir., 218 F.2d 174; Ex parte Chas. Pfizer & Co., Inc., supra, 5 Cir., 225 F.2d 720.

 In this case, as in most cases of this kind, there are factors favorable to both the District Court in Kentucky and the District Court in Ohio, requiring a balancing of conveniences by the District Judge. Barber-Greene Co. v. Blaw-Knox Co., supra, 6 Cir., 239 F.2d 774, 778. Each of the parties is faced with the difficulty of having its medical witnesses present at the trial if the trial is held in a different place than where they respectively ask it to be held. Catlettsburg, Ky., is very close to both the scene of the accident and where the petitioner lives, and also much more convenient for the witnesses, other than the medical witnesses. The choice of the forum by the petitioner is no longer as dominant a factor as it was prior to the ruling in Norwood v. Kirkpatrick, supra. The prior filing of the action in the Eastern District of Kentucky indicates that except for the question of medical witnesses, that forum would be the one preferred by the petitioner. We do not find present in this case the exceptional circumstances where there is a clear abuse of discretion such as to justify the use of the writ. Bankers Life & Casualty Co. v. Holland, supra, 346 U.S. 379, 383–384, 74 S.Ct. 145, 98 L.Ed. 106; Massey-Harris-Ferguson, Ltd. v. Boyd, 6 Cir., 242 F.2d 800, certiorari denied 355 U.S. 806, 78 S.Ct. 48, 2 L.Ed.2d 50.

In our opinion, the rule of collateral estoppel does not prevent the Railway Company from seeking and obtaining the order of transfer. On the record before us, the previous order of the District Court for the Eastern District of Kentucky in sustaining petitioner's motion to dismiss without prejudice was not a ruling on a motion to transfer and did not necessarily involve the identical issues. Kelliher v. Stone & Webster, Inc., 5 Cir., 75 F.2d 331; Russell v. Place, 4 Otto 606, 94 U.S. 606, 24 L.Ed. 214; DeSollar v. Hanscome, 158 U.S. 216, 221, 15 S.Ct. 816, 39 L.Ed. 956.

The petition for the writ of mandamus is denied.