Thomas E. CLINE, Plaintiff,

v.

NEW YORK CENTRAL RAILROAD COMPANY, Defendant.

Civ. A. No. 36479.

United States District Court
N. D. Ohio, E. D.
March 15, 1961.

Elmer I. Schwartz, and Richard Klein, Cleveland, Ohio, for plaintiff.

Joseph T. Ryan, Cleveland, Ohio, for defendant.

KALBFLEISCH, District Judge.

Under the provisions of 28 U.S.C.A. § 1404(a), defendant has moved that this action, under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., be transferred to the District Court for the Southern District of Ohio, Western Division, at Dayton. Defendant states that the alleged accident occurred in Dayton and that plaintiff at that time was, and still is, a resident of Springfield, Ohio, about twenty-five miles distant, whereas the distance from Dayton to Cleveland is one hundred and seventy miles. The defendant further states that it would be required to transport all its prospective witnesses to Cleveland for the trial, which would constitute an unnecessary inconvenience and expense not in the interests of justice. Defendant also asserts that the Court in Cleveland is "presently burdened with a substantial docket."

Defendant does not indicate the number of its witnesses residing in the Dayton area whose presence would be required in Cleveland for trial, nor does it indicate the condition of the docket in Dayton.

Plaintiff vigorously opposes the motion. An affidavit of counsel states that plaintiff was hospitalized for nine days in Cleveland and treated by three Cleveland physicians in connection with his injuries, that these physicians will testify as to the nature, extent and permanency of plaintiff's injuries, and that their testimony will not be available outside of Cleveland except by deposition or, even if available, would be at prohibitive cost to plaintiff. Counsel further states that defendant maintains a principal office in Cleveland wherein are located its chief claim agent and its general attorney.

The Supreme Court has held that the right to select a forum under the Federal Employers' Liability Act is a "substantial right" which cannot be bargained away. Boyd v. Grand Trunk Western R. R. Co., 1949, 338 U.S. 263, 70 S.Ct. 26, 94 L.Ed. 55. It would not appear that a defendant may properly complain of any inconvenience which might accrue to a plaintiff in the selection of a forum.

The Court may exercise a broad discretion in motions to transfer. Norwood v. Kirkpatrick, 1955, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789.

Under the circumstances of this case, the Court is of the opinion that the inconvenience to the Dayton witnesses is balanced by the fact that plaintiff's medical witnesses and counsel are in Cleveland, and that it would not be in the interests of justice to disturb plaintiff's selection of Cleveland as the form of this action. Accordingly, defendant's motion will be overruled.