John A. BROUGHTON, Plaintiff,

v.

The NORFOLK AND WESTERN RAILWAY CO., Defendant.

No. 6724.

United States District Court,
S. D. Ohio, W. D.

Nov. 5, 1968.

Lawrence S. Levy, Fuerst, Fisher, Levy & Goulder, Cleveland, Ohio, and James Q. Doran and Marshall C. Hunt, Jr., Cohen, Todd, Kite & Spiegel, Cincinnati, Ohio, for plaintiff.

James L. O'Connell, Lindhorst & Dreidame, Cincinnati, Ohio, for defendant.

## MEMORANDUM OF OPINION AND ORDER

PORTER, District Judge.

This is an FELA case. Defendant has made a motion for a change of venue pursuant to 28 U.S.C. § 1404 which provides that such change can be ordered—

"(a) For the convenience of parties and witnesses, in the interest of justice, * * *."

Prior to the enactment of this section, in 1948, the Federal Employers' Liability Act secured to an injured employee the privilege of bringing an action in any district wherein the railroad was doing business, regardless of costs or inconvenience to the defendant. That latitude of choice ended with § 1404 because it is applicable to actions under FELA and permits transfer of such an action in the interests of justice to a more convenient district for action. Encyclopedia of Federal Procedure, 3rd Ed. Vol. 3, § 4.37, citing Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 959, 93 L.Ed. 1207, and other cases, in Note 77. See also annotation at 93 L.Ed. 1218, 1219.

However, in 1959, the Court held in Boyd v. Grand Trunk Western Railway Co., 338 U.S. 263, 266, 70 S.Ct. 26, 28, 94 L.Ed. 55 (1949):

"The right to select the forum granted in section 6 is a substantial right."

And it accordingly held void an agreement between railroad and employee injured by its negligence which limited the venue of any action thereafter brought by the employee under FELA.

A hint of the reason why it is a substantial right is found in the statement of Mr. Justice Jackson in Miles v. Illinois Central Railroad Co., 315 U.S. 698, 62 S.Ct. 827, 86 L.Ed. 1129. While this decision was prior to the revision of the Judicial Code, of which § 1404(a) was a part, it is nevertheless believed relevant where it states:

"There is nothing to restrain use of that privilege as all choices of tribunal are commonly used by all plaintiffs to get away from judges who are considered to be unsympathetic and to get before those who are considered more favorable; to get away from juries thought to be small minded in matter of verdicts and to get to those thought to be generous * * *." (p. 707, 62 S.Ct. p. 832).

And, in his dissent in Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955) Mr. Justice Clark registered a protest against the holding that the trial judge had a broader discretion to remove the case than was permissible under the old rule, saying that the Court "goes far toward assigning to the trial judge the choice of forums, a prerogative which has previously rested with the plaintiff. * * *" (p. 37, 75 S.Ct. p. 549).

The majority, of course, were of the opinion that adherence to *forum non conveniens* would unduly curtail the desirable reform "to prevent forum shopping."

■ It is clear that in passing on motions for change of venue in an FELA case the Court has broad discretion. This Court has concluded that in determining what the guidelines are for the exercise of such discretion the cases prior to Norwood v. Kirkpatrick, *supra*, are relevant.

Time does not permit a detailed discussion of the cases (before and after 1948) we have found particularly helpful. Suffice it to say they are Hohler v. Pennsylvania Railroad Company (W. D.Pa., 1956) 140 F.Supp. 487; Conley v. Pennsylvania Railroad Company (S. D.N.Y., 1950) 87 F.Supp. 980; Healy v. New York, New Haven & Hartford

R. Co. (S.D.N.Y., 1949) 89 F.Supp. 614; Spence v. Norfolk & Western Rwy. Co. (N.D.Ohio, 1950) 89 F.Supp. 823; Maloney v. New York, New Haven & Hartford R. Co. (S.D.N.Y., 1949) 88 F.Supp. 568; Cline v. New York Central R. Co. (N.D.Ohio, 1961) 192 F.Supp. 206. From them the court gains that in motions such as this:

> "The defendant must continue to spell out a clear case of convenience, definitely and unequivocally, and to show a strong case for transfer, regardless of what the required showing might be in another type of action. * * " (Hohler v. Pennsylvania Railroad Company, *supra*.)

Further, the problem of transporting witnesses does not present the same difficulty to a railroad as it does to a private person. *Id.*, 140 F.Supp. p. 489. Further, the decision in such matters depends on whether "there is a preponderant balance in favor of the moving party." Conley v. Pennsylvania Railroad Company, *supra*. Further:

> "Each application presents an individual problem; the solution depends upon the circumstances peculiar to the litigation; wide latitude is afforded the court for the exercise of its discretion. In the words of Mr. Justice Jackson in Gulf Oil Corp. v. Gilbert, supra, 330 U.S. [501] at page 508, 67 S.Ct. 839, 91 L.Ed. 1055 [citation omitted]. 'Wisely, it has not been attempted to catalogue the circumstances which will justify or require either grant or denial of remedy.' " *Healy, supra,* 89 F.Supp. at 618.

And in Spence v. Norfolk & Western Rwy. Co., *supra*, it is indicated the motion to transfer should be granted over the plaintiff's objection only if it is made to appear that the trial in the original forum will constitute an imposition upon the court and upon the adversary. To the same effect see the decision of this Court in Lynch v. C. & O. Rwy. Co., No. 6195, filed February 10, 1967 (unreported). See also the decision of Judge Peck in Hall v. C. & O. Rwy. Co., No. 5786, filed February 5, 1967 (unreported).

The Court in *Spence* further indicated that there was no slide rule which enables us to calculate with mathematical precision the result which will be reached on motions to transfer.

So much for those cases. The determining factors under *forum non conveniens* are summarized under § 4 of the annotation of 93 L.Ed. 1207, 1220; see also, Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507, 67 S.Ct. 839, 91 L.Ed. 1055 et seq. While under *Norwood* the Court's discretion is broader, these factors seem relevant nevertheless and are well summarized in the syllabus in Maloney v. New York, New Haven & Hartford R. Co., *supra*, as follows:

> "In determining whether doctrine of forum non conveniens should be applied, court should consider relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and cost of obtaining attendance of willing, witnesses; possibility of view of premises, if such be appropriate; and all other practical problems that may make trial of a case easy, expeditious and inexpensive."

The Court finds nothing in Lemon v. Druffel, 253 F.2d 680 (6 Cir., 1958) which would preclude the use of guidelines suggested by the extracts from the foregoing cases. Of course, Lemon v. Druffel would be controlling. However, since it was a mandamus case the test was whether the trial judge had abused his discretion. The Court of Appeals could only mandamus "in the exceptional case where there is a clear abuse of discretion or usurpation of judicial power." *Id.*, at 685. In this Court's opinion that takes away from the value of the case as a guideline for the exercise of discretion on a motion for change of venue, because, if the trial judge's decision on the motion was just the opposite from what it was, the Court of Appeals might still have been required under the circumstances to find no abuse of discretion.

█ Hence, I have used as guidelines the extracts from the foregoing cases. It remains to apply them to the special facts of this case which may be briefly summarized as follows:

(1) The plaintiff lives in one of the ten counties served by the Court at Cincinnati, albeit it is one some distance away. He has always lived in the Portsmouth area, except for a short time when he was employed by the defendant at its yard in Bellevue, Ohio, near Toledo. While so employed he was injured and underwent an amputation.

(2) The defendant wants a change of venue to Toledo. It had indicated it intends to call as witnesses at least six N. & W. employees who were involved in the movement of the engines in question. They reside in the Bellevue area, approximately forty miles from Toledo.

(3) The defendant (possibly even the plaintiff) plan to call as witnesses medical personnel of the Bellevue Hospital Emergency Room and the Mercy Hospital of Toledo, Ohio. The defendant plans to summon as witnesses persons who transported the plaintiff from Bellevue to Toledo by ambulance. The Hospital records are not a problem as the plaintiff has indicated he will stipulate as to their authenticity, making it unnecessary to call hospital personnel to achieve their introduction.

(4) Toledo is 197 miles from Cincinnati.

(5) The plaintiff points out that since his removal from the hospital where he received emergency treatment and only remained until January 2, 1968, he has been treated almost exclusively by a doctor in Portsmouth. Furthermore, he is now under treatment in care of a specialist in Cincinnati and either has been or still is in the Good Samaritan Hospital in Cincinnati for extensive rehabilitative treatment in connection with his injury to teach him the use of an artificial arm. It is expected on his behalf the doctors and therapists may be witnesses.

(6) There is no indication that a view will be required and it is the Court's conclusion that there will be inconvenience to the plaintiff if the motion for change of venue is granted.

In applying the guidelines to the facts, the Court concludes that it would not be too much of an imposition on the defendant to deny the transfer. The defendant has not made an unequivocally definite and clear case for transfer.

All things considered, the conclusion of the Court is that the motion is not well taken, and it is, therefore, denied.