**V. W. HAYES, Plaintiff,**

v.

**The CHESAPEAKE & OHIO RAILWAY COMPANY, Defendant.**

**Civ. A. No. 8797.**

United States District Court,
S. D. Ohio, W. D.

Nov. 15, 1973.

Philip J. Schneider, Waite, Schindel, Bayless & Schneider, Cincinnati, Ohio, for plaintiff.

James L. O'Connell, Lindhorst & Dreidame, Cincinnati, Ohio, for defendant.

### ORDER

HOGAN, District Judge.

This is an FELA action pursuant to 45 U.S.C. § 51, et seq. The cause is now before the Court on the motion of defendant railroad for change of venue under 28 U.S.C. § 1404(a). Defendant requests that we transfer this case to the United States District Court for the Eastern District of Kentucky, sitting at Catlettsburg, Kentucky.

Plaintiff seeks to recover damages for injuries suffered by him while in the employment of defendant railroad at its yards in Russell, Kentucky. Plaintiff claims residence within this judicial district.

Under section 1404(a), this Court may exercise a broad discretion in motions to transfer. Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L. Ed. 789 (1955). In an FELA action, however, the Supreme Court has stated that the right to select a forum is a "substantial right." Boyd v. Grand Trunk Western Rwy. Co., 338 U.S. 263, 266, 70 S.Ct. 26, 94 L.Ed. 55 (1949). This Court has accordingly given substantial weight to that privilege. Hall v. Chesapeake & Ohio Rwy. Co., Civil Action No. 5786 (Order of Feb. 5, 1965, Peck, J.); Broughton v. Norfolk & Western Rwy. Co., 310 F.Supp. 1353 (S. D.Ohio 1968, Porter, J.).

In the instant case, defendant argues that plaintiff's choice of forum (i. e., this judicial district in which he resides) should not be given substantial weight in our consideration of its change of venue motion. Defendant points out that plaintiff originally filed his cause of action in the State Court of Birmingham, Alabama. According to the supporting affidavit and exhibits, plaintiff voluntarily dismissed the state suit after defendant had moved to dis-

miss the suit for lack of jurisdiction. Since plaintiff did not initially file suit in this Court, defendant urges that plaintiff's subsequent selection of this forum should not be a dominant factor in a section 1404(a) motion.

In support of its argument, defendant cites to us a case decided by the Sixth Circuit Court of Appeals, Lemon v. Druffel, 253 F.2d 680 (6th Cir. 1958) cert. den. 358 U.S. 821, 79 S.Ct. 34, 3 L. Ed.2d 62, which arose out of this Court. In the *Lemon* case Judge Druffel granted a change of venue motion, which was sustained by the Sixth Circuit in its denial of plaintiff's request for a writ of mandamus to direct the District Court to nullify its order. Because the *Lemon* case bears a striking factual similarity with the case at bar, we believe that an extended analysis of *Lemon* is appropriate.

The plaintiff in *Lemon* first filed an FELA action in the United States District Court for the Eastern District of Kentucky, at Catlettsburg, against the same defendant as in the instant case— the Chesapeake & Ohio Railway Co. Plaintiff moved to dismiss the suit, which was granted. Thereafter, plaintiff filed his action in this District Court. The defendant then moved to transfer the case back to the District Court in Catlettsburg. Judge Druffel granted the motion over plaintiff's objection.

Geographically, the court in Catlettsburg was apparently more convenient than the District Court in Cincinnati. Plaintiff was a resident of Ironton, Ohio, which is only eight miles from Catlettsburg and about 140 railroad miles from Cincinnati. The scene of the accident was Ashland, Kentucky, which is approximately four miles from Catlettsburg and 146 railroad miles from Cincinnati. Catlettsburg was also closer for all of the probable witnesses, except for the medical witnesses who treated plaintiff in Cincinnati. The controlling factor, however, in the Sixth Circuit's approval of Judge Druffel's transfer order was the initial filing of the suit in the Eastern District of Kentucky, at Catlettsburg. This indicated to the Court that "except for the question of medical witnesses, that forum [the District Court at Catlettsburg] would be . . . preferred by the petitioner." 253 F.2d at 685.

Similar to the *Lemon* case, plaintiff and all of the probable witnesses in this suit, except for plaintiff's medical witnesses, reside closer to Catlettsburg than Cincinnati. In addition, the site of the accident at Russell, Kentucky, is 11 miles from Catlettsburg and approximately 147 miles from Cincinnati. In view of these facts, and since plaintiff initially filed suit in Alabama, defendant contends that plaintiff's subsequent filing in this Court should not prevent the granting of its change of venue motion.

■ We do not find defendant's reasoning persuasive. Defendant has overlooked an essential point of the *Lemon* opinion: Judge Druffel transferred the case back to a forum for which plaintiff had initially exhibited a preference. On the other hand, defendant asks us to transfer this case to a forum which plaintiff has shown a marked determination to avoid, and that, of course, is his privilege. His decision to file suit in the Birmingham, Alabama State Court, over 400 miles from his residence, underscores such determination.

■■ Furthermore, as other courts have noted, the problem of transporting witnesses does not present the same difficulty to a railroad as it does to a private person. Broughton v. Norfolk & Western Rwy. Co., supra, at 1355; Hohler v. Pennsylvania R. R. Co., 140 F. Supp. 487, 489 (W.D.Pa.1956). Nor does it seem proper for defendant to object to any inconvenience caused to plaintiff by his selection of this Court. Cline v. New York Central R. R. Co., 192 F.Supp. 206, 207 (N.D.Ohio 1961).

For these reasons, we do not think that a trial in this Court would constitute an imposition upon the Court or upon the defendant. We therefore deny defendant's motion for change of venue.