William E. JAMES, Plaintiff,

v.

The NORFOLK AND WESTERN RAILWAY CO., Defendant.

No. C–1–76–48.

United States District Court, S. D. Ohio, W. D.

Nov. 8, 1976.

---

Byron E. Trapp, Cincinnati, Ohio, De-Parcq, Anderson, Perl, Hunegs & Rudquist, Minneapolis, Minn., for plaintiff.

James L. O'Connell, Cincinnati, Ohio, for defendant.

DAVID S. PORTER, District Judge.

This is an FELA action pursuant to 45 U.S.C. § 51 *et seq.* The cause is now before the Court on the motion of the Railroad for a change of venue under 28 U.S.C. § 1404(a). The defendant requests that we transfer the case to the United States District Court for the Western District of Virginia, at Roanoke (docs. 7 and 10) where the cause of action arose, where the defendant's principal place of business is located, and where the occurrence witnesses reside, on the ground of convenience to the parties and witnesses, and in the interests of justice.

The complaint refers to two accidents which allegedly occurred on March 22, 1973 and September 2, 1975, while the plaintiff was employed by the defendant as a car-man at Roanoke, Virginia. The plaintiff, who alleges residence in this District, has been under the care and treatment of Dr. Curwood Hunter since April, 1974. The plaintiff acknowledges some treatment by "company doctors" in Roanoke sometime prior to April, 1974. Plaintiff alleges that he was hospitalized at Good Samaritan Hospital October 9, 1974 to October 26, 1974 when an anterior cervical discectomy and fusion was performed; and again on February 1, 1976 when a lumbar laminectomy was performed by Dr. Hunter. The plaintiff will offer the testimony of Dr. Hunter and the hospital records of Good Samaritan

Hospital in support of his claim. The plaintiff alleges that he has since been under the continuing care and treatment of Dr. Hunter. It is unlikely that the plaintiff will call any of the "Roanoke" doctors listed by the defendant (doc. 6, p. 2) given plaintiff's alleged dissatisfaction with their treatment (Affidavit of Ralph E. Koenig attached to doc. 9).

The defendant does not suggest that it will call any of the doctors who attended plaintiff prior to April, 1974. Although this may be a possibility, the cases indicate that the party seeking transfer ought to be required to specify the key witnesses they expect to call and provide some indication of their significance. *See Holiday Rambler Corp. v. American Motors Corp.,* 254 F.Supp. 137 (W.D.Mich.1966). The strongest factor in favor of transfer seems to be the defendant's contention that all of the occurrence witnesses reside in the Roanoke area. In a case involving multiple accidents it may be especially important to have eyewitnesses testify personally at trial. *Detrick v. Baltimore and Ohio R.R. Co.,* 330 F.Supp. 257 (E.D.Pa.1971). The defendant also argues, with some support from the plaintiff's deposition, that the plaintiff is not a resident of this District as the foundation for laying venue in this District (doc. 7. p. 3).

A hearing was held to resolve the question of plaintiff's residence. Ironically counsel did not bring to the Court's attention the special venue provision of 45 U.S.C. § 56, which provides that an FELA action may be brought in any district in which the defendant is doing business. Wright and Miller, *Federal Practice and Procedure: Jurisdiction* § 3825 (1967). It is admitted that the defendant is doing business in this District (doc. 1 and doc. 4). Furthermore, any objection that this District is an *improper* venue was waived under Rule 12(h) which provides for waiver of all defenses and objections which are not presented by motion under Rule 12(b) before answering or in the answer. *Rodriguez v. American Export Lines, Inc.,* 253 F.Supp. 36 (E.D.Pa. 1966).[1] In connection with a § 1404(a) motion, the defendant may not object to plaintiff's inconvenience caused by his selection of this forum. Assuming *arguendo,* that the plaintiff has inconvenienced himself in this case, he may do so if he so desires. *V. W. Hayes v. Chesapeake & Ohio Ry. Co.,* 374 F.Supp. 1068 (S.D.Ohio 1973). Thus the plaintiff's residence is more a consideration in determining whether hardship will result to the plaintiff should the transfer be granted rather than a factor to be weighed in the movant's favor. *See, Broughton v. Norfolk and Western Ry. Co.,* 310 F.Supp. 1353, 1356 (S.D.Ohio 1968).

In an FELA action, the Supreme Court has stated that the right to select a forum is a "substantial right." *Boyd v. Grand Trunk Western Ry. Co.,* 338 U.S. 263, 70 S.Ct. 26, 94 L.Ed. 55 (1949); *Broughton v. Norfolk and Western Ry. Co., supra.* Despite the propriety of § 1404(a) motions to transfer in FELA actions, a certain amount of forum shopping is condoned. *See Broughton, supra* at 1354, citing Justice Jackson in *Miles v. Illinois Central R.R. Co.,* 315 U.S. 698, 707, 62 S.Ct. 827, 86 L.Ed. 1129 (1942). The defendant is required to spell out a clear case of convenience, definitely and unequivocally, and to show a strong case for transfer, regardless of what the required showing might be in another type of action. *See Broughton, supra.* While the problem of producing hospital records in the transferee forum may not be much of a problem, *Ford Motor Co. v. Ryon,* 182 F.2d 329, 330–31 (2d Cir. 1950), the plaintiff's choice of forum and the need for Dr. Hunter's live testimony weigh heavily in plaintiff's favor.

With respect to the defendant's argument for transfer, we note that the fac-

---

1. We cannot accept the plaintiff's argument that defendant waived his right to move for a *transfer* of venue by failing to object to venue in his answer. *See Ferment-Acid Corp. v. Miles Labs., Inc.,* 153 F.Supp. 19 (S.D.N.Y. 1957). A motion to transfer venue under § 1404(a) is not a Rule 12(b)(3) motion and is not governed by the waiver provisions of Rule 12(h). 5 Wright and Miller, *Federal Practice and Procedure: Civil* § 1352 (1976).

tual witnesses are employees of the defendant and presumably will appear if the defendant so orders them. *Toti v. Plymouth Bus Co.,* 281 F.Supp. 897, 898 (S.D.N.Y. 1968). Therefore there should be no problem involving the Court's subpoena power. We do note that our observation in *Broughton, supra* accepted in *V. W. Hayes, supra* (Hogan, J.), that transporting witnesses does not present the same difficulty to the railroad as it does a private person, may be somewhat out of date. Nonetheless we do not believe that defendant has met its burden of showing that a trial in this Court would constitute an imposition on the Court or upon the defendant. There will be inconvenience to one side or the other no matter where this trial takes place. We note in passing that the case of *Lemon v. Druffel,* 253 F.2d 680 (6th Cir. 1958) is not controlling in this case, for the reasons stated in *Broughton, supra* at 1355 and *V. W. Hayes, supra* at 1069. Accordingly, the motion to transfer is denied.