# CIRCUIT COURT OF THE CITY OF NORFOLK

Edward J. Spencer, Jr.

    v.

Norfolk and Western Ry. Co.

### November 13, 1980

### Case No. (Law) L-80-1333

**By JUDGE EDWARD L. RYAN, JR.**

In this F.E.L.A. action the court is met at the outset with defendant's motion for transfer of venue to the Circuit Court of Roanoke as a fairer and more convenient forum having jurisdiction within the Commonwealth. Code Section 8.01-265.

In its motion the defendant alleges, in part, the following:

a. Two known witnesses to the accident are employed by defendant and reside in Roanoke.

b. Seven physicians residing in the Roanoke area treated or examined the plaintiff.

c. Plaintiff is a resident of the Roanoke area.

On the other hand, the plaintiff alleges the following:

a. Three physicians residing in the Norfolk area treated or examined the plaintiff.

b. A surgical procedure was performed on plaintiff in Norfolk General Hospital.

Plaintiff says that the two witnesses to the accident and "several" of the Roanoke physicians are employees

of the defendant and the defendant will suffer no substantial inconvenience in producing them for trial in Norfolk. Plaintiff also argues that the burden of proof is on him and prevailing upon his three Norfolk physicians to appear in Roanoke is, indeed, a substantial inconvenience for him (the Virginia statute speaks of inconvenience to parties as well as witnesses); adding that it would be a great inconvenience for the three physicians and the custodian of Norfolk hospital records to appear in the Roanoke court.

Patently, the issue should not and cannot be decided on a wooden count of the witnesses. If it were otherwise, the simple answer would be that the defendant should prevail on the tally of nine to four. Also, a rule of pure numbers might invite litigants to multiply "witnesses" conceptually for venue purposes. Nevertheless, the numbers cannot be dismissed as having no bearing on the issue. They are at least a factor for consideration.

In F.E.L.A. actions instituted in the District Courts of the United States the law is detailed and settled as to motions for transfers on grounds of convenience. A good exposition of this is found in *James* v. *N. & W. Ry. Co.*, 430 F. Supp. 1317 (D.C. Ohio 1976). But it appears that the principles there set out do not bind in F.E.L.A. actions instituted in state courts. "The venue of state court suits was left to the practice of the forum," *Miles* v. *Ill. Cent. Ry. Co.*, 315 U.S. 698, 62 S. Ct. 827, 86 L. Ed. 1129 (1942). Also: 20 Am. Jur. 2d, *Courts*, § 182.

So the question for decision here requires inquiry into Virginia practice in connection with motions for transfer of venue for convenience. (Counsel have cited no Virginia cases on the issue and the court found none.)

Chapter 5 of the Code of Virginia (§ 8.01-257, et seq.) encompasses all of the revised venue laws. Section 8.01-265, "Transfer of venue by court," authorizes the courts to "transfer the action to any fair and convenient forum. . . for good cause shown" and ends with the sentence "[g]ood cause shall be deemed to include, but not be limited to. . . the avoidance of *substantial* inconvenience to the parties or the witnesses." ("Substantial" is italicized because it was inserted by 1979, c. 662, of the Acts of Assembly.)

It was in 1964 that § 8-157 ("Removal on motion of party") allowing removal "for good cause shown," but

stating no grounds or reasons for removal, was amended to include a final sentence, as follows: "[g]ood cause shall be deemed to include, but not be limited to, the avoidance of *inconvenience* to the parties and witnesses, in the interest of justice." (Italics added.) (Note the absence of the word "substantial" before "inconvenience.")

The court concludes that the General Assembly had no intention of adopting *in toto* the exquisitely detailed principles of the Federal courts as exemplified in *James v. N. & W. Ry. Co.*, *supra*, but directed the Virginia courts to follow a flexible test which may, perhaps fairly, be set out as follows:

1. Is the transferee forum a fair and convenient forum?

2. Has good cause for transfer been shown?

3. Will a denial of transfer result in substantial inconvenience to the parties or the witnesses?

(N.B. While it is apparent that "good cause" is not limited to inconvenience of parties and witnesses, no other ground for transfer has been asserted in defendant's motion.)

In this case, all three questions may be answered by a determination of what is a "substantial inconvenience" supplemented by a balancing of the conveniences of the parties *inter sese*.

> The balancing of conveniences is essential to a proper determination of whether the doctrine should be applied. *Unless the balance*, upon weighing the relative advantages and obstacles *to a fair trial*, is *strongly* in favor of the defendant, the plaintiff's choice of forum should not be disturbed. 20 Am. Jur. 2d, *Courts*, section 176.

The Supreme Court of the United States is the authority cited in support of the last sentence from the above citation. In holding that the doctrine should be applied in the case under review the court noted that it was "one of those rather rare cases where the doctrine should be applied." *Gulf Oil Corp.* v. *Gilbert*, 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839 (1947). In that case the Supreme Court delineated as follows:

If the combination and weight of factors requisite to given results are difficult to forecast or state, those to be considered are not difficult to name. An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to a fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum "vex," "harass" or "oppress" the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is *strongly* in favor of the defendant, the plaintiff's choice of forum should *rarely* be disturbed. (Italics added.)

(While unsaid, the court assumes that the litigants are probably mindful of money considerations in contending the issue of transfer: no matter. As to *plaintiffs*, Judge Learned Hand once commented "that a plaintiff might, as here, select that jurisdiction which promised the richest harvest, and the railroad must meet him on his chosen ground." *Kilpatrick* v. *Tex. and Pac. Ry.*, 166 F.2d 788 (2d Cir. 1948). And as to *defendants*, it has been said "on the other hand, an action should not be dismissed in application of the doctrine of forum non conveniens merely on the ground that it may be brought in another court where the jury would be likely to return a smaller verdict for the plaintiff." 20 Am. Jur. 2d, *Courts* § 176.)

Considering the factors that may be consulted in determining applicability of the doctrine of forum non conveniens, as suggested by the Supreme Court, this court

concludes that not one is of a governing nature in this case. *Relative* ease of access to sources of proof apply to both parties; compulsory process is available and costs of attendance are not prohibitive or even excessive; substantial necessity of view of premises is not shown; there are no overweening practical problems preventing easy, expeditious and inexpensive trial of the case; there is no question as to enforceability of a judgment; there are no obstacles to a fair trial; and there appears to be no effort on the part of the plaintiff that rises to vexation, harassment or oppression of the defendant. In short, there is no "balance" shown *strongly* in favor of the defendant warranting removal to the Circuit Court of Roanoke; nor do the facts show the case to be that *rare* one requiring that the present situs be disturbed.

"Substantial," in a sense, is synonymous with "strong" and an interchange of the words aligns the legislative intent with the reasoning of *Gulf Oil Corp.*, *supra*, and the other decided cases.

> "substantial, adj. 1. of ample or considerable amount, quantity, size, etc." *The Random House Dict.*, Unabridged Ed., p. 1418.

> "A *substantial* service may or may not be indispensable, but it is always of considerable amount, quality, or size." *Dict. of Problem Words*, Shaw, p. 80.

> "strong, adj. . . . 3. Having great resource, as of wealth, numbers, etc. 4. Reaching a certain degree or limit in respect to strength or numbers. . . . 7. Intense in degree or quality; not mild, weak, or the like." *Webster's New College Dict.*, 2nd Ed., p. 840.

Defendant's motion for transfer is denied.