**SUN OIL CO. v. LEDERLE et al.**

No. 11722.

United States Court of Appeals
Sixth Circuit.

Oct. 9, 1952.

Ward & Plunkett, Detroit, Mich., for petitioner.

Respondents not represented.

Before SIMONS, Chief Judge, and HICKS and McALLISTER, Circuit Judges.

PER CURIAM.

Upon consideration of a petition for writ of mandamus to compel the respondent district judge to set aside an order overruling a petition to transfer the said cause from the Eastern District of Michigan to the Western District of Michigan on the ground that certain witnesses live in the County of Ionia, in such district, and that it will be more convenient for them to appear in that district, and that the interests of justice will

---

**424**

be better served by taking their testimony in open court rather than by deposition.

The Court is of the view, however, that a determination of the balance of convenience between party litigants is within the sound discretion of the District Judge and that unless the balance is strongly in favor of the defendant the plaintiff's choice of forum should rarely be disturbed, Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055; that inconvenience to the defendant is not established by citing the number of witnesses for the plaintiff who live outside the district where the suit was begun nor by the defendants answering and appearing in a pre-trial proceeding before the District Judge prior to seeking removal; that it will not serve the plaintiff's convenience in securing the testimony of the driver of the defendant's car who is no longer in the defendant's employ and who lives in the Eastern District of Michigan where compulsory process may be obtained, nor to the plaintiff's convenience in dismissing its Detroit counsel and retaining counsel in Grand Rapids. We, therefore, perceive no abuse of discretion in the denial of the respondent's petition.

The petition for mandamus is denied.