The NEFF ATHLETIC LETTERING COMPANY, Plaintiff,

v.

James WALTERS, Defendant.

No. C–3–80–367.

United States District Court, S. D. Ohio, W. D.

June 26, 1981.

James R. Levinson, Coolidge, Wall, Matusoff, Womsley & Lombard Co., LPA, Dayton, Ohio, Randal E. Breaden, Grunville, Ohio, for plaintiff.

Susan J. Dlott, Graydon, Head & Ritchey, Cincinnati, Ohio, Bruce T. Wick, Musca & Miralia, Cleveland, Ohio, for defendant.

DECISION AND ENTRY DEFERRING RULING ON DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR REASON OF THIS COURT'S LACK OF IN PERSONAM JURISDICTION OR, IN THE ALTERNATIVE, FOR CHANGE OF VENUE

RICE, District Judge.

The Court will, for the reasons stated below, defer ruling on the Defendant's motion, seeking an order of the Court dismissing the complaint for reason of this Court's lack of in personam jurisdiction or, in the alternative, a change of venue, pending the receipt of an affidavit(s) or the Defendant's deposition to be filed by the Plaintiff, setting forth the events leading up to the filing of the complaint.

In making this determination, this Court notes that the sole allegation set forth in the Plaintiff's complaint, upon which this Court could bottom a decision upon the Defendant's motion, is that portion of Paragraph 2 of the complaint which states as follows:

[o]n or about April 28, 1975, defendant entered into a written contract (hereafter "the contract") with plaintiff in the State of Ohio.

Were this the sole fact setting forth the Defendant's relationship with the State of Ohio, this Court might well sustain the Defendant's motion, concluding that the mere fact that the contract was entered into in the State of Ohio was insufficient to establish the "minimum contact" necessary to obtain in personam jurisdiction over the Defendant. However, a reading of the Plaintiff's memorandum contra the Defendant's motion, sets forth four paragraphs of "facts" which, in the Plaintiff's mind, at least, are sufficient for this Court to acquire in personam jurisdiction over the person of the Defendant. These "facts" are contained only in the Plaintiff's memorandum, not in affidavit or other form sufficient to allow this Court to conclude that said facts are reliable and more than the hearsay or second hand statements of Plaintiff's counsel.

Therefore, based upon the aforesaid, this Court will make no ruling on the Defendant's motion at this time. Within fourteen (14) days from date of receipt of notice of this decision, Plaintiff's counsel will file either an affidavit setting forth the facts contained in its memorandum, or pertinent portions of the Defendant's deposition setting forth said facts in sufficient fashion to allow this Court to conclude that the facts stated in said memorandum are, in fact, facts that can be stated upon first hand knowledge by an affiant who is a representative of the Plaintiff company. The Defendant may, of course, during the same fourteen (14) day period, file an affidavit setting forth whatever jurisdictional facts he considers pertinent. Once this is done, this Court will have sufficient, verifiable jurisdictional facts before it upon which to

render a decision on the Defendant's motion.

■ Should the Plaintiff file the affidavit and/or deposition as requested, and should said affidavit and/or deposition contain all the facts set forth in the four paragraphs as aforementioned in the Plaintiff's memorandum contra the Defendant's motion, this Court will give serious consideration to overruling said motion. This conclusion will be based upon the following nonexclusive, observations:

1. The captioned cause being before this Court pursuant to its diversity of citizenship jurisdiction, recourse must be had to the law in the forum state (Ohio) in order to determine the applicable law.

2. In spite of the representation by Defendant's counsel that, pursuant to the 1976 Ohio Supreme Court decision in *Wainscott vs. St. Louis-San Francisco Railroad Company*, 47 Ohio St.2d 133, 351 N.E.2d 466, 1 O.O.3d 78, the Ohio long arm statute now requires "substantial contacts" with the state, not the "minimum contacts" required pursuant to *International Shoe Company vs. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and *Southern Machine Company, Inc. vs. Mohasco Industries, Inc.*, 401 F.2d 374 (6th Cir. 1978), and their progeny, is clear, pursuant to even the most cursory reading of *Wainscott*, that Ohio is still a "minimum contacts" state. Indeed, aside from one inexact use of the word "substantial" in the opinion, 47 Ohio St.2d 133 at 145, 351 N.E.2d 466, 1 O.O.3d 78 at 84, the Court only concluded that the "mere solicitation of business" is not such substantial activity as to constitute the necessary minimum contacts with Ohio such as to make it fair for the corporation to defend a suit in this jurisdiction, based upon all the other facts and circumstances existing in that case (the cause of action arising from the corporation's business in Missouri, the Ohio office being used only for the purpose of soliciting freight business; the corporation owning no real property, etc. in Ohio, and none of the corporate or managerial officers residing within Ohio.

3. In short, the Ohio long arm statute still reaches to the limits of constitutional power; to the outermost boundary of due process. The inquiry must be, in all cases raising the question of the Court's in personam jurisdiction over an out of state resident, whether the corporation has certain minimum contacts with Ohio such that it is fair that it defend a suit brought in this state; that the assertion of in personam jurisdiction be such as to not offend traditional notions of fair play and substantial justice.

4. Assuming, arguendo, that the facts contained in the Plaintiff's memorandum contra are "verified" by the affidavit and/or deposition requested above, it would appear that the Defendant contacted the president of the Plaintiff corporation, an Ohio resident, seeking employment. Discussions between the parties took place within Ohio, either in person or by phone. These conversations culminated in the execution of the written contract, which was executed in Greenville, Ohio. The Defendant's territory was outside Ohio. The Plaintiff corporation paid the Defendant commissions on orders received at the Greenville, Ohio, plant and the orders were shipped from Greenville, Ohio, to customers in the assigned territories outside Ohio. It is the Plaintiff's contention that, after termination of the contract between the parties, the Defendant has continued to sell products in Maryland, Delaware, New Hampshire and in parts of New York and Massachusetts. This action on the part of the Defendant, whether or not it violates any prior agreements between the parties, can certainly be said to have some impact upon the Plaintiff's business located in Ohio. Throughout the term of the contract, according to the facts set forth in the Plaintiff's memorandum, the Defendant returned to headquarters in Greenville, Ohio, on a periodic basis for company meetings. The Defendant's actions as a salesman caused him to receive all samples from Greenville,

Ohio, caused him to forward all orders to and receive shipment of all products sold from the Greenville, Ohio, plant.

5. These facts as set forth above, if "verified" in the manner as aforesaid (affidavit or deposition), would certainly establish the Defendant's "minimum contacts" with the State of Ohio such as to validate the Court's exercise of in personam jurisdiction over him. In short, such in personam jurisdiction would not offend traditional notions of fair play and substantial justice.

6. Should the above facts be "verified" in the manner as aforesaid, it would appear that in personam jurisdiction would be authorized pursuant to the tri-part type text set forth in *Southern Machine Company, Inc. vs. Mohasco Industries, Inc.*, 401 F.2d 374 (6th Cir. 1968), to wit:

First, the Defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the Defendant's activities there. Finally, the acts of the Defendant or consequences caused by the Defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the Defendant reasonable.

7. Insofar as the Defendant's alternate motion for change of venue (presumably made pursuant to 28 U.S.C. § 1404(a)) is concerned, this Court simply feels that there are no facts set forth in the affidavit of the Defendant submitted in support of his motion that would warrant such a change of venue. There is nothing in the memoranda and/or the affidavit submitted in support of the Defendant's motion that would indicate, pursuant to 28 U.S.C. § 1404(a), that for the convenience of the parties and witnesses and in the interest of justice, this Court should consider transferring this case. *Norwood vs. Kirkpatrick*, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955); *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

Wherefore, based upon the aforesaid, this Court defers a ruling on the motion of the Defendant, seeking an order of the Court dismissing the complaint or, in the alternative, for a change of venue, pending submission of an affidavit and/or the deposition of the Defendant, incorporating therein the facts set forth in the Plaintiff's memorandum contra the Defendant's motion. Within the same fourteen (14) day period of time, Defendant's counsel may wish to supplement his previously filed affidavit in support of his alternative motion for change of venue. If the Defendant does supplement said affidavit in this matter, Plaintiff's counsel will be given the opportunity to file a counter submission.

The final pretrial conference in the captioned cause, set for Tuesday, June 30, 1981, at 4:30 p. m., is continued. The Court and counsel will speak by conference call telephone on Thursday, July 2, 1981, at 8:15 a. m., in order to conduct any review necessary of this decision, to review Counsel Wick's proposed protective order which, hopefully, will resolve the discovery impasse now existing and, finally, to conduct whatever revision might be needed on the trial and other ancillary dates.