**MIDWEST MOTOR SUPPLY CO., INC., Plaintiff,**

**v.**

**Herb KIMBALL, Defendant.**

No. C–2–91–137.

United States District Court, S.D. Ohio, E.D.

March 5, 1991.

John William Ferron, Ricketts & Ferron, Pickerington, Ohio, for plaintiff.

Mary Barley–McBride, Lane, Alton & Horst, Columbus, Ohio, for defendant.

## MEMORANDUM AND ORDER

HOLSCHUH, Chief Judge.

This matter is presently before the Court on defendant's motion to transfer venue.

### STATEMENT OF FACTS

This action arises from an employment agreement executed by defendant Herb Kimball and plaintiff Midwest Motor Supply Co., Inc., dba Kimball–Midwest in December 1988. Under this agreement Kimball became a sales representative for Kimball–Midwest in several named counties in Tennessee and Georgia. (According to the complaint, Kimball–Midwest is "engaged in the business of marketing and distributing various specialty and industrial products and maintenance repair parts.") The agreement also contains a "covenant not to compete" provision which states that Kimball agrees not to engage in any activity which would compete with Kimball–Midwest's business during his employment with Kimball–Midwest or for a period of two years thereafter. Kimball terminated his employment with Kimball–Midwest in December 1990 (their agreement being terminable at will by either party) and thereafter became employed by Tri Star Industries, a company which allegedly competes with Kimball–Midwest in the counties and states set forth in defendant's agreement with plaintiff.

Plaintiff filed this action in the Court of Common Pleas of Franklin County, Ohio on February 8, 1990, stating a single breach of contract claim. Specifically, plaintiff alleges that defendant is violating the covenant not to compete in his activities on behalf of Tri Star. Along with the complaint plaintiff also filed, *inter alia*, a motion for expedited discovery and a motion for a temporary restraining order seeking to enjoin defendant from engaging in activity which competes with plaintiff's business in the particular counties of Tennessee and Georgia which were the subject of the agreement. On February 11, 1991 the state court granted the motion for expedited discovery and also issued the temporary restraining order enjoining defendant from engaging in activity which competes with plaintiff's business in the several named counties in Tennessee and Georgia. The temporary restraining order was to expire fourteen days after entry, or on February 25, 1991, and the matter was set for a preliminary and permanent injunction hearing before the state court on February 22, 1991.

On February 21, 1991 defendant filed a notice of removal of this action to this Court based upon diversity of citizenship, defendant being a citizen and resident of Georgia while plaintiff is an Ohio corporation with its principal place of business in Ohio. At the same time defendant also filed a motion to transfer venue seeking to have this action transferred to the United States District Court for the Northern District of Georgia.[1] Thereafter defense counsel advised the Court that defendant would agree to a ten-day extension of the temporary restraining order, and the Court did so extend the restraining order in an order filed February 22, 1991. The Court also directed plaintiff to file its response to the motion to transfer venue on or before March 1, 1991, which plaintiff has done.

### DISCUSSION

Title 28, United States Code, Section 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought.

There is no dispute that the Northern District of Georgia, the district in which defendant resides, is a district in which this

---

1. Removal of an action from state court to federal court does not estop the removing party from seeking to have the case transferred pursuant to 28 U.S.C. § 1404(a). *See Lee v. Ohio Casualty Ins. Co.*, 445 F.Supp. 189, 191 n. 8 (D.Del.1978).

action might have been brought. *See* 28 U.S.C. § 1391(a). The question is whether for the convenience of the parties and witnesses, and in the interest of justice, this matter should be transferred to the Northern District of Georgia. It is well established that the decision whether to transfer venue is vested in the sound discretion of the trial court. *See, e.g., Jarvis Christian College v. Exxon Corp.,* 845 F.2d 523, 528 & n. 22 (5th Cir.1988); *Hubbard v. White,* 755 F.2d 692, 694 (8th Cir.), *cert. denied,* 474 U.S. 834, 106 S.Ct. 107, 88 L.Ed.2d 87 (1985). The moving party bears the burden of proving why a change of venue should be granted. "[T]he plaintiff's choice of forum is to be given considerable weight and the balance of convenience, considering all of the relevant factors, should be strongly in favor of a transfer before such will be granted." *Hanning v. New England Mut. Life Ins. Co.,* 710 F.Supp. 213, 214–15 (S.D.Ohio 1989). *See also Houk v. Kimberly–Clark Corp.,* 613 F.Supp. 923, 927 (W.D.Mo.1985). Among the factors to be considered are the nature of the suit; the place of the events involved; the relative ease of access to sources of proof; the nature and materiality of testimony to be elicited from witnesses who must be transported; the respective courts' familiarity with applicable law and the condition of their dockets; and the residences of the parties. *See Shapiro v. Merrill Lynch & Co.,* 634 F.Supp. 587, 589 (S.D.Ohio 1986).

■ In the present case, the Court must begin its analysis by noting that the agreement in question contains a venue provision which states, *inter alia,* that "[a]ny action brought by the Company [plaintiff Kimball–Midwest], or on its behalf, concerning, relating to or involving this Agreement, or any other agreements entered into pursuant to this Agreement, may be venued in

Franklin County, Ohio." Although this provision is not an absolute forum-selection clause in the sense that it does not require that all actions under the agreement be brought in Franklin County, Ohio,[2] it is a clause which represents defendant's agreement that any action brought by plaintiff may be litigated in the courts of Franklin County, Ohio. (Defendant has not argued that it would be unfair, unjust, or unreasonable to enforce this provision of the contract.) Plaintiff relies primarily on this venue provision in opposing defendant's motion to transfer. However, it is clear that the parties' agreement on this matter is not binding on this Court in determining whether or not to grant defendant's motion to transfer venue, since the Supreme Court has held that "[s]ection 1404(a) directs a district court to take account of factors other than those that bear solely on the parties' private ordering of their affairs." *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 30, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988). It is a significant factor to be considered along with the convenience of witnesses and the public-interest factors of systematic integrity and fairness. *Id.* at 29–30, 108 S.Ct. at 2243–44.

■ The agreement also contains a choice-of-law provision which states that the agreement is to be construed in accordance with Ohio law, and thus the Court presumes at least at this point that Ohio law will apply. *See Schulke Radio Productions, Ltd. v. Midwestern Broadcasting Co.,* 6 Ohio St.3d 436, 453 N.E.2d 683, syllabus (1983).[3] It is generally recognized that "a diversity case should be decided by a court which is most conversant with the applicable state law." *Espino v. Top Draw Freight System, Inc.,* 713 F.Supp.

---

**2.** The agreement does state that any action brought by Kimball or on his behalf *must* be venued in Franklin County, Ohio.

**3.** Defendant suggests that Ohio's choice-of-law rules might call for the application of Georgia law in this case. The Court is not in a position at this point to conclusively determine which state's law is applicable here. However, under *Schulke Radio Productions, Ltd.* the presumption in favor of the law of the state chosen by

the parties is strong, and at this point defendant has failed to establish any basis for overcoming that presumption by showing that Ohio has no substantial relationship to the parties or the transaction or that application of Ohio law would be contrary to the fundamental policy of a state having a greater material interest in this controversy. Accordingly, the Court presumes at this stage of the proceedings that Ohio law will be applicable.

1243, 1245 (N.D.Ill.1989). *See also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). However, "[a]lthough choice of law provisions are relevant to venue, such provisions are not dispositive." *St. Louis Fed. Sav. & Loan Ass'n v. Silverado Banking Sav. & Loan Ass'n*, 626 F.Supp. 379, 383 (E.D.Mo. 1986). The present case, an action for breach of a covenant not to compete, does not appear to present any novel or complex issues under Ohio law. Thus, although this Court is more familiar with Ohio law than the Northern District of Georgia, it does not appear that Ohio contract law is so unique that this fact alone should strongly militate against transfer. *See Heller Financial, Inc. v. Riverdale Auto Parts, Inc.*, 713 F.Supp. 1125, 1131 (N.D.Ill.1989); *St. Louis Fed. Sav. & Loan Ass'n*, 626 F.Supp. at 383.

With regard to convenience of the parties, there is no doubt that transferring this case to the Northern District of Georgia would be most convenient for defendant.[4] Defendant, according to his affidavit, lives in Rossville, Georgia with his family, conducts all of his business in Georgia and Tennessee, and never travelled to Columbus, Ohio during or after his affiliation with Kimball–Midwest. On the other hand, plaintiff is an Ohio corporation with its principal place of business in Franklin County, Ohio, and thus litigation of this action in this Court would be most convenient for plaintiff. However, according to defendant's affidavit, plaintiff has at least two representatives residing in Georgia, Ron Weidman and Ken Ponder, and at least one representative of plaintiff from Columbus, Charles McCurdy, has visited Georgia on somewhat of a regular basis. Accordingly, it appears to the Court that transferring this case to the Northern District of Georgia would not greatly inconvenience plaintiff, and when this is weighed against the inconvenience to defendant caused by having to litigate in Ohio, the balance tips to some extent in favor of transfer.

The most compelling argument in favor of transfer is defendant's contention that most if not all material witnesses in this matter reside in Georgia and/or Tennessee. "The convenience of witnesses is said to be a primary, if not the most important, factor in passing on a motion to transfer under § 1404(a)." *Houk*, 613 F.Supp. at 928. Under the agreement in question, defendant became plaintiff's sales representative in certain counties in Georgia and Tennessee, and although sales orders were processed through Columbus, Ohio, to the extent any breach of the covenant not to compete has taken place, such breach occurred in Georgia and Tennessee. The relevant witnesses in this action, in addition to the parties, will likely be those customers solicited by defendant on behalf of plaintiff and/or Tri Star, and perhaps those he solicited on behalf of a previous employer, Kar Products,[5] and all these witnesses would be located in the subject counties in Georgia and Tennessee. *Compare Empire Gas Corp. v. True Value Gas of Florida, Inc.*, 702 F.Supp. 783, 786–87 (W.D.Mo.1989). Accordingly, transferring this case to the Northern District of Georgia would be at the convenience of at least some number of the witnesses. Additionally, the limitation of this Court's subpoena power, *see* Fed.R. Civ.P. 45(e), is an important consideration, *see Arrow Electronics, Inc. v. Ducommun Inc.*, 724 F.Supp. 264, 266 (S.D.N.Y.1989), although at this point defendant has not shown a need to present the live testimony of any particular witness, or that any of the witnesses in question would not voluntarily appear at trial in this Court. *See Houk*, 613 F.Supp. at 931; *Minstar, Inc. v. Laborde*, 626 F.Supp. 142, 148 (D.Del.1985).

Applying the language of section 1404(a) and the pertinent case law, the Court finds that the balance tips in favor of transferring this case, somewhat in terms

---

**4.** *But see Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir.1989) (stating that "a valid forum-selection clause may waive a party's right to assert his own inconvenience as a reason to transfer a case").

**5.** Defendant indicates that an issue may be raised in this case regarding efforts by plaintiff, while defendant was employed by plaintiff, to circumvent another covenant not to compete which defendant had executed in favor of Kar Products, defendant's employer immediately prior to his affiliation with plaintiff.

of the convenience of the parties but strongly in terms of the convenience of witnesses. Under the contract in question defendant's activities as plaintiff's sales representative were confined to certain specified counties in Georgia and Tennessee, although sales orders were to be received in Columbus, Ohio and filled by shipments made from Columbus, Ohio. Any breach by the defendant of the covenant not to compete would have occurred in Georgia and/or Tennessee, and thus the pertinent witnesses on the breach of contract issue, as well as to the other issues expected to arise in this case, would be located in those jurisdictions. Defendant has also shown that the relative state of the dockets of this Court and the Northern District of Georgia would militate in favor of transfer.[6] Additionally, transferring this case would appear to present little difficulty in terms of applying the pertinent Ohio law which the Court presumes, at this point, is applicable. Although the agreement provides for venue in Franklin County, Ohio, and the Court must give some deference to plaintiff's choice of this forum, its home state,[7] the Court nevertheless, for all the reasons stated, concludes that defendant has carried his burden of showing that for the convenience of the parties and witnesses, and in the interest of justice, this matter should be transferred.

Accordingly, defendant's motion to transfer venue is GRANTED, and the matter is hereby transferred to the Northern District of Georgia. The temporary restraining order which has been issued in this case is extended for an additional fourteen (14) days, from March 7, 1991, by agreement of the parties.

IT IS SO ORDERED.

---

6. In ruling on a motion for change of venue "the court may consider the state of the dockets in both the transferor and transferee courts." *Motown Record Corp. v. Mary Jane Girls, Inc.,* 660 F.Supp. 174, 175 (S.D.N.Y.1987). *See also Neff Athletic Lettering Co. v. Walters,* 524 F.Supp. 268, 274 (S.D.Ohio 1981).

7. Plaintiff's choice of forum is entitled to somewhat less weight in this case than in most cases because here there is no dispute that any alleged breach of contract occurred in Georgia and Tennessee, and not in Ohio, and because plaintiff is technically no longer in his chosen forum, which was state court. *See Neff Athletic Lettering Co.,* 524 F.Supp. at 272–73.